IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBY ITTA,<br><br>                      Plaintiff,<br><br>   vs.<br><br>PAULINE HARVEY, in her official capacity<br>and individual capacity as North Slope<br>Borough School District Superintendent,<br>et al.,<br><br>                      Defendants. | Case No. 4:21-cv-00010-HRH |

# O R D E R

## Motion to Dismiss[1]

Defendants Pauline Harvey and the North Slope Borough School District ("NSBSD") move to dismiss petitioner Bobby Itta's complaint.[2] This motion is opposed.[3] Oral argument was requested and heard.

## Background

In her complaint, plaintiff Bobby Itta asserts § 1983 "due process" claims against defendants.[4] She sues Pauline Harvey in her individual and official capacities as super-

---

[1]Docket No. 8.

[2]Docket Nos. 8 and 9.

[3]Docket No. 14.

[4]Complaint at 12-15, ¶¶ 3.1-3.15, Docket No. 1.

ORDER – Motion to Dismiss                                                                     - 1 -

intendent of the NSBSD and the NSBSD.[5]  Itta alleges that she was employed at the Qargi Academy, a charter school in the NSBSD.[6]  She alleges that Qargi Academy principal Emily Roseberry hired her to work as a teacher at the school, and that she was employed there between July 29, 2020, and December 15, 2020.[7]  She alleges that at the time of her hiring, she was not a NSBSD employee.[8]

Itta alleges that NSBSD superintendent Pauline Harvey had final decision-making authority for personnel employed at non-charter schools in the district.[9]  She alleges that under various Alaska statutes and certain enumerated NSBSD policies, the Qargi Academy was exempt from the administrative control of the NSBSD superintendent; instead, Principal Roseberry maintained administrative control over the school.[10]  She alleges that statutorily, the superintendent did not have administrative authority over complaints against Qargi personnel and that Principal Roseberry "was the entity responsible for investigating any personnel complaints dealing with charter school employees."[11]  She further alleges that the Qargi Academy's Academic Policy Committee ("the APC")

---

[5] Id. at 1, 15.

[6] Id. at 1, ¶ 1.1.

[7] Id. at 2, ¶¶ 2.1, 2.3.

[8] Id. at 2, ¶ 2.4.

[9] Id. at 1, ¶ 1.2.

[10] Id. at 3, 9, ¶¶ 2.7, 2.35.

[11] Id. at 7, 9, ¶¶ 2.29, 2.35.

ORDER – Motion to Dismiss — - 2 -

selected the school principal, and that "[o]nce selected, the Qargi Principal was authorized to select, appoint, or otherwise supervise employees of the charter school."[12]

In September 2020, a Qargi employee reported to Principal Roseberry, the NSBSD, the "School board," and the Utqiagvik Police Department that Itta had previously been engaged in an inappropriate sexual relationship with a high school student.[13] Itta alleges that on September 22, 2020, she received an email from NSBSD attorney Bonnie Bull, "demanding that she participate in an investigation that was being conducted on behalf of the NSBSD. This new investigation . . . was . . . conducted by a law firm selected by Superintendent Pauline Harvey."[14] She alleges that on September 30, 2020, Harvey ordered Itta to attend an investigatory hearing regarding the allegations of inappropriate sexual conduct.[15]

Itta alleges that on October 20, 2020, Attorney Bull produced a report on her investigation of Itta, which Harvey shared with the NSBSD Board of Education.[16] She alleges that in the report, Attorney Bull "issued the false and defamatory statement that Bobby Itta had 'engaged in a sexual relationship with a NSBSD student'" and that Itta had committed sexual abuse of a minor, a felony offense.[17] She alleges that this report was based on hearsay, "filled with clearly false statements," had not allowed for "cross

---

[12] Id. at 3, ¶ 2.7.

[13] Id. at 3, 6-7, ¶¶ 2.8, 2.23-2.25.

[14] Id. at 7, ¶ 2.28.

[15] Id. at 7, ¶ 2.29.

[16] Id. at 8-9, ¶¶ 2.33, 2.36.

[17] Id. at 8-9, ¶¶ 2.33-2.34.

examination of the witnesses," and was "not the result of any due process hearing."[18]  Itta alleges that after Harvey "received this slanderous and false report, she authorized it to be published and shared with the NSBSD Board of Education."[19]  She alleges that Harvey did not share this report with Principal Roseberry, "even though Bobby Itta was solely a Qargi employee."[20]

Itta alleges that Harvey did not share Attorney Bull's report with her until November 4, 2020.[21]  She alleges that on that date, she also received from Harvey a notice of proposed termination.[22]  The notice informed Itta that she needed to attend a pre-termination hearing, which was scheduled for November 18, 2020.[23]  Itta alleges that the notice "was not sent to Principal Roseberry at Qargi Academy, even though Bobby Itta was employed at the Qargi and not at any of the NSBSD schools over which the [s]uper-intendent had authority."[24]  She alleges that Harvey then conducted the hearing on November 18, even though the hearing constituted "an unlawful violation of Bobby Itta's due process rights because only Qargi's [p]rincipal, Emily Roseberry[,] had the jurisdiction to determine whether or not Bobby Itta should be terminated."[25]

---

[18] Id.

[19] Id. at 9, ¶ 2.34.

[20] Id.

[21] Id. at 9, ¶ 2.36.

[22] Id.

[23] Id. at 9-10, ¶ 2.37.

[24] Id. at 10, ¶ 2.37.

[25] Id. at 10, ¶ 2.38.

ORDER – Motion to Dismiss - 4 -

Itta alleges that on December 14, 2020, Harvey sent her a notice of non-retention, which stated that Itta would not be retained as a teacher at the Qargi Academy for the 2021-2022 school year.[26] She alleges that this notice was not sent to Principal Roseberry or to the Qargi APC.[27] Itta alleges that she asked Harvey to provide a statement of cause.[28] She alleges that on December 30, 2020, Harvey sent Itta a statement of cause for her non-retention.[29] She alleges that the stated cause was that Itta had engaged in sexual relations with a student and committed sexual abuse of a minor.[30] The notice further "stated that the 'd[i]strict cannot trust you to teach and supervise children.'"[31]

Itta alleges that on December 15, Harvey sent her a notice of termination.[32] Itta alleges that the notice stated that she was being dismissed for cause, effective immediately.[33] She alleges that the stated reason for her termination, like that given for her notice of non-retention, was that she "engaged in a sexual relationship with a North Slope Borough School student."[34] She alleges that the allegations in this notice "lacked any

---

[26] Id. at 10, ¶ 2.40.

[27] Id.

[28] Id.

[29] Id. at 11, ¶ 2.44

[30] Id.

[31] Id.

[32] Id. at 11, ¶ 2.41.

[33] Id.

[34] Id.

ORDER – Motion to Dismiss - 5 -

evidentiary support, and yet were placed in [her] employment file."[35]  Itta further alleges that the notice also stated that she had a right to request a hearing before the school board, but that she had already "been deprived of her right to a fair hearing before the [s]chool [b]oard because Superintendent Harvey had already sent . . . [to the school board attorney] Bull's investigation report, in which it was declared that Ms. Itta had committed the felony of sexual abuse of a minor."[36]  Itta alleges that Harvey did not send a copy of her notice of termination to Principal Roseberry or to the Qargi APC.[37]

Itta alleges that even though the Qargi Academy did not terminate Itta's employment, Harvey instructed the NSBSD payroll personnel to stop paying her.[38]  She alleges that Harvey also informed "State of Alaska licensing" of Itta's firing.[39]  She alleges that Harvey "defamed [her], intentionally interfered with her contract with Qargi Academy, and placed a permanent impediment on her ability to ever work again as a teacher."[40]  She further alleges that Harvey's conduct "violated Ms. Itta['s] presumption of innocence, and violated her rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution."[41]

Itta alleges that she "possessed a property interest in her continued employment" as a teacher at the Qargi Academy and that "her enjoyment in the property right to her job[]

---

[35]Id.

[36]Id. at 11, ¶ 2.42.

[37]Id. at 11, ¶ 2.43.

[38]Id. at 12, ¶ 2.45.

[39]Id.

[40]Id. at 12, ¶ 2.46.

[41]Id.

ORDER – Motion to Dismiss - 6 -

also entitled her to enjoy this right without interference from other governmental agents, except by due process of law."[42] She claims that while employed as a Qargi teacher, she never engaged in sexual activity with any Qargi or NSBSD student and alleges that she has never been permitted a trial by jury or the presumption of innocence for the criminal act(s) alleged by Superintendent Harvey.[43]

Itta alleges that Harvey violated 42 U.S.C. § 1983 when she violated her "due process" rights under the Fifth and Fourteenth Amendments of the United States Constitution.[44] Defendants Harvey and the North Slope Borough School District now move to dismiss Itta's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[45]

## Discussion

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move for dismissal of a plaintiff's case when the plaintiff "fails [] to state a claim upon which relief can be granted." To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). This standard "requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id.

---

[42]Id. at 12-13, ¶ 3.4.

[43]Id. at 13, ¶¶ 3.5, 3.8.

[44]Id. at 12.

[45]Motion to Dismiss at 1, Docket No. 8.

ORDER – Motion to Dismiss - 7 -

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 678). Rather, "the complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Riegel Pharm., Inc. Sec. Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

As the court evaluates a Rule 12(b)(6) motion, it accepts as true "the complaint's well-pleaded factual allegations . . . and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Serv., 671 F.3d 1138, 1142-43 (9th Cir. 2012). But the court need not "accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016). The court construes allegations of material fact in the light most favorable to the nonmoving party. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Title 42 of the United States Code, section 1983, provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." Municipalities and other local government units, such as school districts and their boards, are subject to § 1983. See Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004); Hopper v. City of Pasco, 241 F.3d 1067, 1082 (9th Cir. 2001). "[A] suit against public employees in their official capacities is equivalent to a claim against their municipal employer." Santos v. Cnty. of Los Angeles Dep't of Children and Family

Servs., 299 F. Supp. 2d 1070, 1078 (C.D. Cal. 2004). A plaintiff bringing a claim under § 1983 "must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

While it is not clear from Itta's complaint whether she is raising procedural or substantive due process claims, or both, Itta clarified in her opposition brief and at oral argument that she is only bringing substantive due process claims and no procedural due process claims.[46] The court accepts Itta's clarification of her due process claim and will now turn to her substantive due process claim.

"The substantive component of the Due Process Clause forbids the government from depriving a person of life, liberty, or property in such a way that . . . interferes with rights implicit in the concept of ordered liberty." Enquist v. Or. Dep't of Agric., 478 F.3d 985, 996 (9th Cir. 2007) (omissions in original) (quoting Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004)). A plaintiff bringing a substantive due process claim must, as a threshold requirement, make a showing of a liberty or property interest protected by the Constitution. Id. (quoting Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994)). If a plaintiff satisfies this initial requirement, the plaintiff must then demonstrate "conscience shocking behavior by the government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006) (footnote omitted).

---

[46]The court seriously doubts that Itta could state a procedural due process claim in light of the fact that she was offered and declined a hearing before the NSBSD Board and in light of the fact that she has steadfastly pleaded and argued that her employer was the Qargi Academy, not the NSBSD. Under most circumstances, a third-party non-employer does not owe non-employees procedural due process.

The Ninth Circuit does not recognize a substantive due process right to a particular public employment position and only recognizes a narrow substantive due process right "for a public employer's violations of occupational liberty." Enquist, 478 F.3d at 996-98. A public employee can only raise a colorable substantive due process claim for a public employer's violation of occupational liberty in "extreme cases, such as a 'government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure.'" Id. at 997-98 (quoting Olivieri v. Rodriguez, 122 F.3d 406, 408 (7th Cir. 1997)). There is only a "substantive due process protection against government employer actions that foreclose access to a particular profession to the same degree as government regulation." Id. at 998.

Here, Itta has asserted property and/or liberty interests in her continued employment at the Qargi Academy and in her reputation. Clearly NSBSD and Qargi Charter School are public employers. Under Enquist, Itta had no property interest in her continued public employment as a Qargi teacher. And, under Enquist, Itta's conclusory allegations that she was defamed, that her employment contract with Qargi Academy was intentionally interfered with, and that Harvey interfered with her ability to ever work again as a teacher do not present a plausible claim for relief. She has not alleged that she suffered any reputational damage so extreme as to foreclose or blacklist her from again working as a teacher. While Itta does allege that Harvey informed the state's licensing division that she had been fired, she does not claim that Harvey told the state about any of the allegedly defamatory, reputation-damaging information.

Itta's claim and that "she has never been permitted a trial by jury or the presumption of innocence for the criminal allegations that Superintendent Harvey stated that she committed" and that Harvey violated her "presumption of innocence"[47] is wholly without merit. These are rights inherent in criminal prosecutions, which did not occur here. See Lilienthal's Tobacco v. United States, 97 U.S. 237, 267 (1877) ("Innocence is presumed in a criminal case until the contrary is proved . . . but the presumption of innocence as probative evidence is not applicable in civil cases.").

Because Itta has not satisfied the threshold requirement of identifying any liberty or property interest protected by the Constitution, she has not pleaded any plausible substantive due process claims as to defendant Harvey.

Because plaintiff has sued defendant Harvey in her official capacity and defendant NSBSD is a governmental entity, the NSBSD might be liable to plaintiff based upon Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). In Monell, the court held that a governmental entity can only be held liable under § 1983 for constitutional deprivations based upon a governmental custom or policy. A district's § 1983 liability under Monell may also be premised on the theory that a district employee was acting as a final policymaker. Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004). Here, Itta has not alleged that Harvey acted pursuant to a district policy or custom, or that she was acting as a final policymaker on matters involving charter schools. She has therefore not stated a plausible § 1983 claim against the North Slope Borough School District.

For the foregoing reasons, Itta has not pled any plausible § 1983 substantive due process claims against the defendants.

---

[47]Complaint at 12, 13, ¶¶ 2.46, 3.5, Docket No. 1.

ORDER – Motion to Dismiss                                                                                              - 11 -

Case 4:21-cv-00010-HRH   Document 28   Filed 01/24/22   Page 11 of 12

## Conclusion

Itta's complaint is dismissed in its entirety. Inasmuch as this dismissal is on plausibility grounds, leave to amend is granted. If Itta elects to file an amended complaint, it shall be served and filed on or before **14 days** from the date of entry of this order.

DATED at Anchorage, Alaska, this  24th  day of January, 2022.

/s/   H. Russel Holland
United States District Judge

ORDER – Motion to Dismiss - 12 -

Case 4:21-cv-00010-HRH   Document 28   Filed 01/24/22   Page 12 of 12